UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAVID DIMAGGIO, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-7587** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION "L"(5)** |

**ORDER & REASONS**

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 9). For the following reasons, the Plaintiffs' motion is DENIED.

**I.    BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home at 1227 Friscoville Avenue in Arabi, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendant in this case is State Farm Fire and Casualty Company ("State Farm"), the Plaintiffs' homeowners' insurance carrier. The Plaintiffs' policy has coverage limits of $130,447 for dwelling, $13,045 for dwelling extension, and $97,835 for contents. State Farm has paid the Plaintiffs $26,238.78 pursuant to the homeowners' policy.

In August of 2006, the Plaintiffs filed the present action in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. The Plaintiffs allege that they are entitled to payment from State Farm for damages and losses to the property, in addition to bad-faith penalties under Louisiana law. The Plaintiffs' petition contains no stipulation limiting the amount-in-controversy. However, in an exhibit to their remand motion, one of the plaintiffs "stipulates that the amount in controversy in this proceeding is below $75,000."

1

State Farm removed this case to federal court on October 10, 2006, contending that this Court has jurisdiction under either of the following provisions: (1) diversity jurisdiction under 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000; or (2) the MultiParty, MultiForum Trial Jurisdiction Act pursuant to 28 U.S.C. § 1369. On November 9, 2006, the Plaintiffs filed the instant motion to remand.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

State Farm contends that this Court has diversity jurisdiction over this case because complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The Plaintiffs do not dispute that diversity of citizenship exists, however, they argue that the amount-in-controversy requirement is not satisfied in this case.

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). In this Circuit, "[w]hen the plaintiff's

complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The defendant satisfies its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

"Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006). In this case, the Plaintiffs have not made such a binding stipulation in their petition and the Court finds that the Defendant has demonstrated that the amount-in-controversy exceeds $75,000. The Plaintiffs' post-removal attempt to reduce the initial amount in controversy is ineffective. Accordingly, the Court finds that diversity jurisdiction exists in this case.[1]

### III.   CONCLUSION

---

[1] While the Court need not consider whether federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369, the Court notes that, in this case, it does not. *See, e.g., Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006 WL 3615064, at *6-15 (E.D. La. Dec. 11, 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is DENIED.

New Orleans, Louisiana, this   12th   day of   February  , 2007.

_____

UNITED STATES DISTRICT JUDGE